Patsy **STEWART**, Plaintiff,

v.

Daniel J. **RONDEAU**, Defendant.

Civil Action No. 94–2453 (JR).

United States District Court,
District of Columbia.

July 18, 1996.

Maxine Bethel Cade, Cade & Vaughn–Carrington, Washington, DC, for Plaintiff.

Rudolph Contreras, Assistant U.S. Attorney, Washington, DC, for Defendant.

### MEMORANDUM

ROBERTSON, District Judge.

This case presents a number of claims of discrimination and retaliation under the Civil Rights Act of 1964, the Rehabilitation Act of 1973 and the "Alternative Work Space Policy" of the Environmental Protection Agency. No genuine issues of material fact appear of record. For the reasons set forth in this memorandum, defendant is entitled to summary judgment.

### Background

Plaintiff, an African American female, was employed by EPA as a Senior FOI Specialist. She was in good health when she began her employment in 1984. Major renovation work took place at defendant's headquarters, where plaintiff worked, in 1988. Plaintiff alleges that she experienced severe headaches and respiratory problems after and because of that renovation work and that, on September 21, 1990, she reported to the EPA health unit with breathing difficulties and tightness in the chest and was taken to the emergency room at George Washington University Hospital.

About a month after that experience, plaintiff requested that she be assigned an Alternative Work Space (AWS), under a policy EPA had implemented in 1988. The policy required that an employee support a request for AWS with medical records justifying the request. Plaintiff submitted with her request a short handwritten note from a Dr. Brownlee, who was not one of the physicians who had treated her in the George Washington University emergency room. Dr. Brownlee merely attached papers relating to plaintiff's emergency room visit without stating whether or not he had examined the plaintiff and without his own diagnosis.

EPA provided the plaintiff with AWS while her request was pending but, on December 3, 1990, informed the plaintiff by letter that her request had been denied because of incomplete documentation. Plaintiff later made a request for "advance sick leave" of 160 hours, for the same reasons she gave in her request for AWS, and that request was also denied.

Plaintiff's core complaint is that her request for AWS and advance sick leave were handled in a discriminatory manner and that she was required to provide medical information that other, similarly situated males or non-minority employees were not required to provide. She seeks money damages, restoration of sick leave, and attorney's fees.

Plaintiff has voluntarily dismissed her claim of sex discrimination. Plaintiff's claim of retaliation and her claims of discrimination based on disability and race remain for consideration.

1. *Retaliation claim.* Plaintiff's claim of retaliation must be dismissed because the acts that she claims were retaliatory—repeated denials of her requests for AWS—all occurred *before* her resort to EEO counseling and complaint procedures, which she claims were the protected acts that gave rise to the retaliation. The last denial of plaintiff's request for AWS was on December 3, 1992, more than a month before she filed EEO complaints on January 6 and February 11, 1993.

■ 2. *Disability discrimination.* In order to establish a *prima facie* case of disability discrimination under the Rehabilitation Act, a plaintiff must prove (1) that she is "an individual with a disability" under the Act; (2) that she was "otherwise qualified;" (3) that she worked for a "program or activity" that received federal financial assistance; (4) that she was adversely treated or denied the benefits of her positions solely because of her disability. *Chandler v. City of Dallas,* 2 F.3d 1385, 1390 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1386, 128 L.Ed.2d 61 (1994). *Kelly v. Boeing Petroleum Services,* 61 F.3d 350, 365 (5th Cir.1995).

■ Plaintiff's claim to be an "individual with a disability" relates only to her work space. Her claim is supported by no evidence of respiratory ailments or reactivity to odors prior to the first incident at the EPA building, nor has she presented evidence of

any kind to support her claim to be someone with special needs. The statutory definition of an "individual with a disability" can be met by one who (1) has a physical or mental impairment which substantially limits one or more of a person's major life activities, (2) has a record of such an impairment, or (3) is regarded as having such impairment. 29 U.S.C. § 706(8)(B) (Supp.1996). Plaintiff's failure, in the face of defendant's motion for summary judgment, to produce any record on this point is fatal to her claim. See *Demming v. Housing and Redev. Auth., of Duluth, Minnesota,* 66 F.3d 950, 954–55 (8th Cir.1995).

■ 3. *Racial discrimination.* Plaintiff has also failed to establish, when challenged by defendant's motion for summary judgment, that she can make out a *prima facie* case of racial discrimination. Applying the test of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), to the facts of this case, a *prima facie* showing of racial discrimination would require some evidence that non-minority employees who complained about adverse reaction to their work space were granted AWS benefits without any supporting medical tests or diagnoses. Plaintiff has completely failed to make or offer to make any such showing. She asserts that "an inference" of such discriminatory treatment is raised by non-African American co-workers "who were treated more favorably than she regarding AWS," but that is a bare allegation without any supporting exhibits or without even verification. Plaintiff's argumentative statement that "it does not seem realistic" the defendant would reject her request so many times is argument, not substance.

An appropriate order is issued with this memorandum.

### ORDER

For the reasons set forth in a memorandum issued today, it is this 17th day of July 1996,

**ORDERED** that defendant's motion for summary judgment is **granted.** It is

**FURTHER ORDERED** that defendants' motion to dismiss the complaint is **denied** as moot.